**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| DARLENE SAKS AND STUART SAKS | : | |
| | : | CIVIL ACTION - LAW |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| WALMART, INC d/b/a WALMART | : | |
| WALMART STORE 3564, | : | |
| PENNSYLVANIA REAL ESTATE | : | NO. |
| INVESTMENT TRUST, | : | |
| and | : | |
| DOE DESGINEE(S) 1, 2 and 3 | : | |
| | : | |
| Defendants. | : | |

_____ :   JURY TRIAL DEMANDED

**<u>DEFENDANTS' NOTICE OF REMOVAL</u>**

Defendants, Walmart Inc. and Walmart Store 3564 (more appropriately referred to as Wal-Mart Stores East, LP and hereinafter referred to as "Walmart"), by and through its counsel, Law Offices of McDonnell & Associates, PC, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) to remove this action from the Court of Common Pleas of Philadelphia County, July Term, 2022, No. 01308, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, Defendant avers as follows:

1.      Plaintiffs, Darlene Saks and Stuart Saks, initiated this personal injury action by filing a Complaint in the Court of Common Pleas of Philadelphia County on or about July 18, 2022.  *See* a true and correct copy of the Complaint attached hereto as Exhibit "A."

2.      Plaintiff served her Complaint on Walmart via Process Server on July 28, 2022. *See* Exhibit "A."

3.      Specifically, Plaintiff alleges that on or about February 10, 2021, she was a

business invitee in a Walmart retail store premises located at 2101 Blair Mill Road, Willow Grove, Pennsylvania 19090 when she sustained serious and permanent injuries by reason of coming in contact with a dangerous condition in the parking lot.  *See* Exhibit "A;" ¶ ¶ 7, 9.

4.      According to the Complaint, Plaintiff alleges that she "suffered injuries to her neck, shoulders, back, pelvis, hip and bladder including but not limited to cervicalgia, acute bilateral back pain and a left hip replacement as well as other serious and permanent injuries." *See* Exhibit "A," ¶10.

5.      Further, Plaintiff alleges that she "has been subjected to a substantial increased risk of harm as well as other serious and permanent injuries."  *See* Exhibit "A," ¶11.

6.      Against this factual backdrop, Plaintiff alleges that her injuries were the direct and proximate result of Walmart's negligence and/or carelessness.  *See* Exhibit "A," ¶10.

7.      Additionally, Plaintiff alleges that she has incurred a loss of earnings and or/earning power and may incur such a loss in the future.  *See* Exhibit "A," ¶13.

8.      Plaintiff seeks damages in excess of $50,000, the most that can properly be alleged under Pennsylvania's Rules of Civil Procedure—indicating a major jury case, not a matter eligible for arbitration. *See* Exhibit "A" *ad damnum clause.*

9.      Walmart timely filed its Answer to Plaintiff's Complaint on August 10, 2022. See a true and correct copy of Walmart's Answer attached hereto as Exhibit "B."

10.     The elements for federal jurisdiction—diversity of citizenship and amount in controversy—are sufficiently ascertained from the Complaint; therefore, removal is proper under 28 U.S.C. § 1446(b)(1); *See also, Hiester v. Wal-Mart Stores East, LP*, 2:18-cv-04863-GAM (E.D. Pa. 2018) attached as Exhibit "C."

11.     The Court of Common Pleas for Philadelphia County is within the jurisdiction

of the United States District Court for the Eastern District of Pennsylvania.

12.     Plaintiff alleges that at the time of the accident, she was a citizen of the Commonwealth of Pennsylvania, residing at 423 Bluebird Land, Dresher, Pennsylvania 19025. *See* Exhibit "A," ¶1.

13.     Defendant Walmart Inc. is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

14.     Wal-Mart Stores East, LP is owned solely (100%) by Wal-Mart Stores, Inc., now known as Walmart Inc., a Delaware corporation with its principal place of business in Arkansas, through various wholly-owned operating entities as follows:  Walmart Inc. (WMT) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas.  Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas.  WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP.  WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP.  Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMT).  Thus, for the purposes of diversity of citizenship, Wal-Mart Stores East, LP is a citizen of the States of Arkansas and Delaware.

15.     None of Walmart Inc.'s limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

16.     Accordingly, Plaintiff is diverse from the named Defendant and the requirements of diversity jurisdiction are satisfied.

17.     Regarding the amount in controversy, taking the damages alleged in the Complaint in their entirety and the fact that Plaintiff certified that the case was not eligible for arbitration, this Court can conclude that the amount in controversy exceeds the jurisdictional limits under 28 U.S.C. §1332.

18.     Specifically, as noted above, Plaintiff's Complaint alleges that Plaintiff was caused to sustain "serious permanent injuries" such as injuries to her neck, shoulders, back, pelvis, hip and bladder including but not limited to cervicalgia, acute bilateral back pain and left hip replacement."  *See* Exhibit "A," ¶10.

19.     Plaintiff further alleges that she will incur a future loss of earning power in addition to being obliged to receive medical attention and care and to incur expenditures in the future. *See* Exhibit "A," ¶12-13.

20.     In *Hiester*, *supra* the Honorable Gerald Austin McHugh of the United States Court for the Eastern District of Pennsylvania was faced with a similar situation in which Plaintiff alleged significant severe and permanent injuries. In remanding the case to state court, Judge McHugh held that where the difference between the state arbitration limit and the jurisdictional amount for removal was only $25,000, it was significant that the Plaintiffs had certified the case as one that should not go to arbitration. This was particularly true where the plaintiffs had alleged severe and permanent injuries, disfigurement, ongoing medical treatment, the possibility of permanent injury, and continued severe disruption of plaintiff's ability to function for an indefinite period. *See Hiester, supra (*holding that based on Plaintiffs' claimed severe and permanent damages coupled with a certification that the case was should not go to arbitration, Defendants were on notice that the amount in controversy exceeded jurisdictional limits upon service of the Complaint).  *See also,  Russo v. Wal-Mart Stores E., L.P.*, 2017 WL

1832341, at *2-3 (M.D. Pa. May 8, 2017) (remanding where complaint alleged that plaintiff had suffered "severe and painful injuries . . . will continue to suffer great pain and agony [in the future] . . . and will continue to spend various sums of money for medical care and attention" in the future); *Peters v. Stop & Shop*, 2013 WL 5781199, at *1 (D.N.J. Oct. 25, 2013) (remanding where complaint alleged "severe, permanent disabling injuries, serious disfigurement . . . great pain and suffering" and ongoing "extensive medical treatment.").

21.     Here, the language contained in Plaintiff's Complaint, like the plaintiffs in *Hiester,* is sufficiently clear to establish that the amount in controversy exceeds the jurisdictional minimum.

22.     Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

23.     This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

24.     Defendant has a good faith belief, and therefore submits that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

25.     Based on the foregoing, including Plaintiff's allegations of "serious and permanent injuries" to multiple body parts, a loss of earning power, and Plaintiff's certification that this matter should not go to arbitration, the preponderance of the evidence establishes that the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) have been satisfied and

the within matter is properly removable.

26.      This Notice of Removal is timely as it is being filed within thirty days of service of the Complaint, in which the alleged damages are made.

**WHEREFORE**, Defendants, Walmart Inc. and Walmart Store 3564  respectfully requests that the State Action be removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Dated: August 26, 2022

MᴄDᴏɴɴᴇʟʟ & Aꜱꜱᴏᴄɪᴀᴛᴇꜱ, P.C.

/s/ *Audrey Westerman*

Audrey Westerman, Esquire
Attorney ID No.: 319287
Patrick J. McDonnell, Esquire
Attorney ID No.: 62310
*Attorneys for Wal-Mart Defendants*

---

| | | |
|---|---|---|
| DARLENE SAKS AND STUART SAKS | : | |
| | : | CIVIL ACTION - LAW |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| WALMART, INC d/b/a WALMART | : | |
| WALMART STORE 3564, | : | |
| PENNSYLVANIA REAL ESTATE | : | NO. |
| INVESTMENT TRUST, | : | |
| and | : | |
| DOE DESGINEE(S) 1, 2 and 3 | : | |
| | : | |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

---

## CERTIFICATE OF SERVICE

I, Audrey Westerman, Esquire hereby certify that on August 26, 2022, a true and correct copy Defendant's Notice of Removal was served via email upon the following:

James R. Radmore, Esquire
THE RADMORE FIRM, LLC
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, Pennsylvania 19102
*Counsel for Plaintiff*

Dated: August 26, 2022

MCDONNELL & ASSOCIATES, P.C.

/s/ *Audrey Westerman*

Audrey Westerman, Esquire
Attorney ID No.: 319287
Patrick J. McDonnell, Esquire
Attorney ID No.: 62310
*Attorneys for Wal-Mart Defendants*

# EXHIBIT "A"

MAJOR NON JURY
ASSESSMENT OF DAMAGES
HEARING REQUIRED

*Filed and Attested by the
Office of Judicial Records
18 JUL 2022 09:23 am
A. STAMATO*

**THE RADMORE FIRM, LLC**
**BY:     JAMES R. RADMORE, ESQUIRE**
**ID#:    36649**
**Two Penn Center, Suite 520**
**1500 J.F.K. Boulevard**
**Philadelphia, PA   19102**                                           **Attorney for Plaintiff(s)**

| | | |
|---|---|---|
| **DARLENE SAKS AND STUART SAKS,** | : | **COURT OF COMMON PLEAS** |
| **individually and as wife and husband** | : | **PHILADELPHIA COUNTY** |
| **423 Bluebird Lane** | : | |
| **Dresher, PA  19025** | : | |
| | : | |
| **vs** | : | |
| | : | |
| **WALMART, INC. d/b/a WALMART** | : | **TERM,** |
| **c/o CT Corporation System** | : | |
| **600 N 2nd Street** | : | |
| **Harrisburg, PA   17101** | : | |
| **    and** | : | |
| **WALMART - STORE 3564** | : | |
| **Willow Grove Pointe Shopping Center** | : | |
| **2101 Blair Mill Road** | : | |
| **Willow Grove, PA   19090** | : | |
| **    and** | : | |
| **PENNSYLVANIA REAL ESTATE** | : | |
| **INVESTMENT TRUST** | : | |
| **2005 Market Street, Suite 1000** | : | |
| **Philadelphia, PA   19103** | : | |
| **    and** | : | |
| **DOE DESIGNEE(S) 1, 2 and 3** | : | **NO.** |

## CIVIL ACTION COMPLAINT
## PREMISE LIABILITY

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania  19107
Telephone:  215-238-6333
TTY:  215-451-6197

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de piazo al partir de la fecha de la demanda y la notificacion.  Hace falte asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Adamas, la cortes puede decidir a favor del demandante y requere que usted compla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u ostros defechos importantes para usted.  LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania  19107
Telefono:  215-238-6333
TYY:  215-451-6197

1.      Plaintiffs, Darlene Saks and Stuart Saks, individually and as wife and husband are individuals residing at the above-captioned address.

2.      Defendant, Walmart, Inc., d/b/a Walmart, is a Corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at the above captioned address.

3.      Defendant, Walmart - Store 3564, is a business entity in the Commonwealth of Pennsylvania with its principal place of business at the above captioned address.

4.      Defendant, Pennsylvania Real Estate Investment Trust, is a real estate investment trust in the Commonwealth of Pennsylvania with its principal place of business at the above captioned address.

5.      Defendant, Doe Designee(s), 1, 2 and 3 are individuals and/or companies responsible for all aspects of snow removal and ice remediation when the facts set out in the Complaint occurred. The Doe Designations are set forth herein in accordance with the requirements of Pennsylvania Rule of Civil Procedure 2005.

6.      At all times relevant, defendants owned, leased and/or maintained the premises of 2101 Blair Mill Road, Willow Grove, PA   19090.

7.      On February 10, 2021, plaintiff, Darlene Saks, was lawfully walking on the premises of the aforesaid location when the ice covered condition of the parking lot caused her to slip, trip, stumble,  fall and/or otherwise sustain injuries by reason of coming in contact with the negligent, hazardous and dangerous condition which was present on the parking lot, which the defendants knew or should have known was present on the parking lot.

8.      Plaintiff believes and therefore avers that the aforesaid defendants, had, or should have had, notice of the existence of said negligent, hazardous, and dangerous condition which

Case ID: 220701308

existed on the aforesaid parking lot prior to the happening of said accident.

## COUNT I
### DARLENE SAKS VS. DEFENDANTS, WALMART INC. D/b/a WALMART, WALMART - STORE 3564, PENNSYLVANIA REAL ESTATE INVESTMENT TRUST

9.      The carelessness, recklessness, and negligence of the defendants, as herein alleged, consisted of the following:

      a.      Failing to properly inspect the said parking lot and the adjacent area;

      b.      Failing to correct the negligent or hazardous condition which they were aware or should have been aware;

      c.      Failing to warn pedestrians of the negligent or hazardous condition of the said parking lot at the point where the plaintiff fell;

      d.      Failing to maintain the parking lot in a condition which would protect and safeguard persons lawfully upon the parking lot and prevent them from falling;

      e.      Allowing and permitting the aforesaid negligent condition to remain on the aforesaid parking lot so as to constitute a menace, danger, nuisance or trap to persons lawfully upon the said parking lot;

      f.      Creating a hazardous condition and failing to warn the Plaintiff of said condition;

      g.      Otherwise failing to exercise due and proper care under the circumstances.

10.      As a result of the intentional, recklessness and outrageous conduct of defendants, as aforesaid, plaintiff suffered injuries to her neck, shoulders, back, pelvis, hip and bladder including but not limited to cervicalgia, acute bilateral back pain and a left hip replacement as well as other serious and permanent injuries.

11.      As a result of the intentional, recklessness and outrageous conduct of defendants

plaintiff has been subjected to a substantial increased risk of harm as well as other serious and permanent injuries.

12.     As a result of the intentional, recklessness and outrageous conduct of defendants, plaintiff has been and may in the future continue to be required to expend various sums of money for medicine and medical treatment in and about endeavoring to treat and cure herself of her injuries.

13.     By reason of the injuries sustained, plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to her daily duties, functions and occupation, all to her great damage and loss.

14.     As a result of the aforesaid occurrence, the plaintiff has been prevented from attending to her usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to her great detriment and loss.

15.     As a result of the aforesaid occurrence, the plaintiff has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

16.     The conduct of defendants was outrageous and in willful and reckless disregard to plaintiffs' interest, thus entitling plaintiffs to an award of punitive damages.

WHEREFORE, plaintiff demands compensatory and punitive damages from all defendants, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II
## PLAINTIFFS VS DEFENDANTS, DOE DESIGNEE(S) 1, 2, 3

17.     Plaintiffs herewith repeats all the allegations made in the previous paragraphs as though same were fully set forth herein at length.

18.     The Doe Designee(s) 1, 2, 3, is the fictitious name for the individual and/or companies responsible for all aspects of snow removal and ice remediation when the facts set out

Case ID: 220701308

in the Complaint occurred.

19.     Plaintiff believes and therefore avers that the presently unidentified Doe Designee(s) 1, 2, 3, had, or should have had, notice of the existence of said negligent, hazardous, and dangerous condition which existed on the aforesaid parking lot prior to the happening of said accident.

20.     The actual names of the individual, individuals, firms and/or companies responsible for all aspects of snow removal and ice remediation are unknown to plaintiff.

21.     The Doe designation is fictitious until such time as individual, individuals, firms and/or companies responsible for all aspects of snow removal and ice remediation are identified.

22.     At such time as the identities of these fictitiously pleaded Defendants are ascertained, Plaintiff shall seek leave to amend this Complaint so as to substitute the actual identities of said individuals, firms and/or companies.  Plaintiff attributes each and every act of negligence and damages alleged, against the named Defendants hereto to those who are fictitiously pleaded as if they were more specifically set forth in their entirety.

WHEREFORE, Plaintiff demands compensatory and punitive damages from Doe Designee(s) 1, 2, 3, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT III
## STUART SAKS VS. ALL DEFENDANTS
## CONSORTIUM

23.     Plaintiff herewith repeats all the allegations made in the previous paragraphs as though same were fully set forth herein at length.

24.     At all times material hereto, Stuart Saks, plaintiff, was and is the husband of plaintiff, Darlene Saks, and was and is entitled to the services, companionship, support, assistance, society, comfort, happiness and consortium of Stuart Saks, plaintiff.

25.     As a direct and proximate result of the aforementioned incident and the injuries sustained by Darlene Saks, plaintiff, Stuart Saks has been deprived of the services, companionship, support, assistance, society, comfort, happiness and consortium of Darlene Saks, his wife, and such deprivation and impairment will and/or may continue into the future, all to his great detriment and loss.

26.     As a direct and proximate result of the aforementioned incident and the injuries sustained by Darlene Saks, plaintiff, Stuart Saks has been and/or may be compelled to expend monies for medical aide, and/or medical treatment or modalities or medicine for his wife.

WHEREFORE, plaintiff, Stuart Saks, demands  compensatory and punitive damages from all defendants, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

THE RADMORE FIRM, LLC


 \s\James R. Radmore
 JAMES R. RADMORE, ESQUIRE
 Attorney for Plaintiffs

Case ID: 220701308

**VERIFICATION**
**FOR**
**CIVIL ACTION COMPLAINT**

I hereby declare that I am the plaintiff in this action and that the facts set forth in the attached Complaint are true and correct to the best of my knowledge, information and belief. However, the following qualifications apply:

1. I did not compose the Complaint. The language and phrasing is that of my attorney.

2. I did not conduct a professional investigation of my case. To the extent that the Complaint incorporates facts which are not within my personal knowledge, I have relied upon the investigation, experience, and expertise of my attorney, who in turn may have relied upon facts uncovered by him or persons hired by him for the purpose of investigation.

3. I am not an expert in the law. To the extent that the Complaint incorporates principals of law, I have relied upon my attorney for the accuracy and applicability of such statements of law.

4. I am not an expert on the medical issues surrounding my injuries. To the extent that the Complaint incorporates statements, diagnoses or principals of medicine, I have relied upon my attorney, who in turn may have relied upon facts or opinions supplied to him by duly qualified medical experts.

I understand that the statements made herein are subject to penalties for unsworn falsification to authorities under 18 Pa.C.S.A.§4904.

_DARLENE SAKS_

DARLENE SAKS

Case ID: 220701308

EXHIBIT "B"

282.361

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
By: Audrey Westerman, Esquire
Attorney I.D. No.: 319287
Email: awesterman@mcda-law.com
860 1st Avenue, Unit 5B
King of Prussia, PA 19406
Telephone – (610) 337-2087
Facsimile – (610) 337-2575

*Filed and Attested by the
Office of Judicial Records
10 AUG 2022 04:03 pm
G. IMPERATO*

*Attorneys for Wal-Mart Defendants*

---

| | | |
|---|---|---|
| DARLENE SAKS AND STUART SAKS | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| WALMART, INC. d/b/a WALMART | : | |
| WALMART STORE 3564, | : | JULY TERM, 2022 |
| PENNSYLVANIA REAL ESTATE | : | NO. 01308 |
| INVESTMENT TRUST, | : | |
| and | : | |
| DOE DESGINEE(S) 1, 2 and 3 | : | |
| | : | |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

---

## DEFENDANTS, WALMART, INC. AND WALMART STORE 3564 ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER

Defendants, Walmart Inc. and Walmart Store 3564 (more appropriately referred to as Wal-Mart Stores East, LP and hereinafter collectively referred to as "Walmart"), by and through their counsel, McDonnell & Associates, P.C., hereby respond to Plaintiff's Complaint, generally deny the allegations of Plaintiff's Complaint pursuant to Pennsylvania Rule of Civil Procedure 1029(e), and assert their New Matter as follows:

1.     Denied. Walmart denies these averments as they make no allegations against it.

Case ID: 220701308

2.      Denied. Walmart Inc. is a Delaware corporation with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716.

3.      Denied. Walmart Store 3564 is not a recognized legal entity.

4.      Denied. Walmart denies these averments as they make no allegations against it.

5.      Denied. Walmart denies these averments as they make no allegations against it.

6.      Denied.  Wal-Mart Stores East, LP operated the Walmart Store located at 2101 Blair Mill Road, Willow Grove, Pennsylvania 19090 at all material times.

7.      Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

8.      Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

**COUNT 1**
**DARLENE SAKS VS. DEFENDANTS, WALMART INC., WALMART STORE 3564 AND PENNSYLVANIA REAL ESTATE INVESTMENT TRUST**

9.      (a) – (g). Denied. The allegations in this paragraph, and its subparts, are generally denied pursuant to Rule 1029(e).

10.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

11.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

12.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

13.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

14.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

15.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

16.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).


**WHEREFORE**, Defendants, Walmart Inc., and Walmart Store 3564 hereby demand judgment in their favor and against Plaintiff, together with costs and attorneys' fees in this matter.

<u>**COUNT II**</u>
<u>**PLAINTIFFS VS DEFENDANTS, DOE DESIGNEE(S) 1, 2, 3**</u>

17.     Walmart hereby incorporates by reference the preceding paragraphs as though set forth at length herein.

18.     Denied. Walmart need not answer these averments as they are directed toward another party.

19.     Denied. Walmart need not answer these averments as they are directed toward another party.

20.     Denied. Walmart need not answer these averments as they are directed toward another party.

21.     Denied. Walmart need not answer these averments as they are directed toward another party.

22.     Denied. Walmart need not answer these averments as they are directed toward another party.

**WHEREFORE**, Defendants, Walmart Inc., and Walmart Store 3564 hereby demand judgment in their favor and against Plaintiff, together with costs and attorneys' fees in this matter.

**COUNT III**<br>**STUART SAKS VS. ALL DEFENDANTS**<br>**CONSORTIUM**

23.     Walmart hereby incorporates by reference the preceding paragraphs as though set forth at length herein.

24.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

25.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

26.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

**WHEREFORE**, Defendants, Walmart Inc., and Walmart Store 3564 hereby demand judgment in their favor and against Plaintiff, together with costs and attorneys' fees in this matter.

**NEW MATTER**

27.     Walmart did not breach any duty of care to Plaintiff.

28.     If Plaintiff sustained damages, such damages were caused by the negligence of a third party or parties over which Walmart exercised no control.

29.     If Plaintiff sustained damages, such damages were caused by intervening or superseding events or factors, over which Walmart exercised no control.

30.     If Plaintiff failed to follow the advice and direction of his healthcare providers regarding recommended treatment, then Plaintiff's recovery is barred or reduced by his failure to mitigate damages.

31.     If Plaintiff executed a Release releasing any person or entity from liability arising from the incident described in Plaintiff's Complaint, Walmart is similarly released from any such liability.

32.     If Plaintiff seeks compensatory damages for expenses related to medical tests, medications, and treatment, such damages are reduced by the holding in <u>Moorhead v. Crozer Chester Medical Center</u>, 557 Pa. 630 (1998) to the amounts actually due and payable.

**WHEREFORE**, Defendants, Walmart Inc., and Walmart Store 3564 hereby demand judgment in their favor and against Plaintiff, together with costs and attorneys' fees in this matter.

McDONNELL & ASSOCIATES, P.C.

Dated: August 10, 2022

By:     /s/ *Audrey Westerman*
Patrick J. McDonnell, Esquire
Attorney I.D. No.:  62310
Email: pmcdonnell@mcda-law.com
Audrey Westerman, Esquire
Attorney I.D. No. 319287
Email: awesterman@mcda-law.com
860 1st Ave STE 5B
King of Prussia, Pennsylvania 19406
(T) 610.337.2087 (F) 610.337.2575
*Attorneys for Defendants*

Case ID: 220701308

| | | |
|---|---|---|
| DARLENE SAKS AND STUART SAKS | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| WALMART, INC d/b/a WALMART | : | |
| WALMART STORE 3564, | : | JULY TERM, 2022 |
| PENNSYLVANIA REAL ESTATE | : | NO. 01308 |
| INVESTMENT TRUST, | : | |
| and | : | |
| DOE DESGINEE(S) 1, 2 and 3 | : | |
| | : | |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

## **VERIFICATION**

I, Audrey Westerman, Esquire, hereby verify and state that I am counsel for Defendants in the above-captioned action and that the facts set forth in Defendant's Answer to Plaintiff's Complaint with New Matter are true and correct to the best of my knowledge, information and belief. The verification of a Manager was unavailable at the time of filing, but a substitute verification is forthcoming. I understand that I make this verification subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities

Dated: August 10, 2022

MᴄDᴏɴɴᴇʟʟ & Assᴏᴄɪᴀᴛᴇs, P.C.

By:   */s/ Audrey Westerman*

Audrey Westerman, Esquire
Attorney ID No.: 319287
Patrick J. McDonnell, Esquire
Attorney ID No.: 62310
*Attorneys for Defendant*

_____

| | | |
|---|---|---|
| DARLENE SAKS AND STUART SAKS | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| WALMART, INC d/b/a WALMART | : | |
| WALMART STORE 3564, | : | JULY TERM, 2022 |
| PENNSYLVANIA REAL ESTATE | : | NO. 01308 |
| INVESTMENT TRUST, | : | |
| and | : | |
| DOE DESGINEE(S) 1, 2 and 3 | : | |
| | : | |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

_____

## CERTIFICATE OF SERVICE

I, Audrey Westerman, Esquire hereby certify that on the 10th day of August 2022, Defendants' Answer to Plaintiff's Complaint with New Matter was filed electronically with the Court and is available for viewing and downloading from the First Judicial District Electronic Filing System. The filed document was served via electronic mail by the First Judicial District Electronic Filing System on the following registered E-Filing User:

James R. Radmore, Esquire
The Radmore Firm, LLC
Two Penn Center, Suite 520
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
*Attorney for Plaintiff*

Dated: August 10, 2022

McDonnell & Associates, P.C.

By:   *|s| Audrey Westerman*

Audrey Westerman, Esquire
Attorney ID No.: 319287
Patrick J. McDonnell, Esquire
Attorney ID No.: 62310
*Attorneys for Defendant*

EXHIBIT "C"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDITH C. HIESTER and | : | |
| ROY R. HIESTER, w/h | : | CIVIL ACTION |
| Plaintiffs | : | No. 18-4863 |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP, | : | |
| Defendant. | : | |

MCHUGH, J.                                                                                    December 13, 2018

### MEMORANDUM

This is a diversity case where the question is whether removal was timely. Plaintiffs commenced this action by complaint on August 1, 2018. Compl. 3, ECF No. 1. It is a tort action seeking damages due to a fall. On November 9, 2018, one-hundred days after being served, Defendant filed a Notice of Removal in this Court. Def.'s Notice Removal, ECF No. 1. Because I am persuaded that the elements of federal jurisdiction should have been apparent to Defendant upon filing of the complaint, removal is untimely under 28 U.S.C. § 1446(b)(1). I therefore remand this case to the Philadelphia Court of Common Pleas.

Plaintiffs alleged that because of Defendant's conduct, Mrs. Hiester "suffered serious and painful injuries to her back, exacerbation of preexisting conditions and damage to her bones, muscles and nervous system, some or all of which may be permanent in nature." Compl. 3. Plaintiffs also alleged that Mrs. Hiester "has been forced to expend money for medical treatment which remains ongoing." *Id.* And Plaintiffs claimed that Mrs. Hiester "has suffered and she will continue to suffer great physical pain . . . disfigurement . . . [and] a severe interruption of her usual duties . . . into the indefinite future." *Id.* Plaintiffs' *ad damnum* clause sought more than

1

$50,000, the most that can properly be alleged under Pennsylvania's Rules of Civil Procedure—indicating a major jury case, not a matter eligible for arbitration.

"Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (internal citations and quotation marks removed). The "thirty-day window for removal is only triggered when 'the four corners of the pleading . . . inform[] the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.'" *In re Asbestos Prod. Liab. Litig.*, 770 F. Supp. 2d 736, 739-40 (E.D. Pa. 2011) (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993), *rev'd* on other grounds, *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)). Defendant argues that it could not have reasonably and intelligently concluded from Plaintiffs' Complaint that the amount in controversy exceeded the jurisdictional minimum until a settlement demand was communicated in connection with a case management conference. Def.'s Resp. Pls.' Mot. Remand 5-6, ECF No. 5-1. Taking the damages allegations in the complaint in their entirety and the fact that Plaintiffs certified that the case was not eligible for arbitration, I disagree.

In particular, Plaintiffs' Complaint alleged disfigurement, ongoing medical treatment, the possibility of permanent injury, and continued, severe disruption of Mrs. Hiester's ability to function for an indefinite period of time. Because the difference between the state arbitration limit and the jurisdictional amount for removal is only $25,000, I find it significant that the Plaintiffs certified the case as one that should not go to arbitration.

This case resembles others where remand was deemed appropriate. *See, e.g.*, *Russo v. Wal-Mart Stores E., L.P.*, 2017 WL 1832341, at *2-3 (M.D. Pa. May 8, 2017) (remanding where complaint alleged that plaintiff had suffered "severe and painful injuries . . . will continue to

suffer great pain and agony [in the future] . . . and will continue to spend various sums of money for medical care and attention" in the future); *Peters v. Stop & Shop*, 2013 WL 5781199, at *1 (D.N.J. Oct. 25, 2013) (remanding where complaint alleged "severe, permanent disabling injuries, serious disfigurement . . . great pain and suffering" and ongoing "extensive medical treatment."). *But see Young v. Wal-Mart Stores E, LP*, 2015 WL 1137089, at *3-4 (E.D. Pa. Mar. 12, 2015) (citing cases).

For the foregoing reasons, I grant Plaintiffs' Motion to Remand to the Philadelphia Court of Common Pleas but deny their request to impose costs. An appropriate Order follows.

_____ /s/ Gerald Austin McHugh
United States District Judge